UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WLADYSLAW WYLAZ, individually and on behalf
of all other persons similarly situated who were
employed by THE LAQUILA GROUP
EQUIPMENT CORP., and/or any other entities
Affiliated with or controlled by THE LAQUILA
GROUP EQUIPMENT CORP,

      Plaintiffs,

  - against -

THE LAQUILA GROUP EQUIPMENT CORP.,
THE LAQUILA GROUP, INC., DINO
TOMASSETTI, JR, "JOE" DOE, "IRENA" DOE,
JOHN DOES 1-10, and JANE DOES 1-10.

      Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

CLASS / COLLECTIVE ACTION

JURY TRIAL DEMANDED

1. Plaintiff WLADYSLAW WYLAZ, ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through his attorneys, Marzec Law Firm P.C., as and for his complaint against the Defendant, THE LAQUILA GROUP EQUIPMENT CORP. ("LAQUILA EQUIPMENT"), THE LAQUILA GROUP, INC. ("LAQUILA GROUP"), (collectively "LAQUILA" or "Corporate Defendants"), DINO TOMASSETTI, JR, "JOE" DOE, "IRENA" DOE, JOHN DOES 1-10, and JANE DOES 1-10., (collectively "Individual Defendants"), (collectively "Defendants") allege as follows:

## NATURE OF THE ACTION

2. Plaintiff, on behalf of himself and others similarly situated brings this action to recover unpaid wages, unpaid overtime wages, prevailing wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and

various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R.§ 137-144 ("NYLL"), and the New York State common law.

3.      Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract, unjust enrichment, fraud by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendants into violating the employee contract between the Corporate Defendants and the Plaintiff and others similarly situated of wages they rightfully earned working for the Corporate Defendants.

4.      Plaintiff, along with others similarly situated, was, for all times relevant to this Complaint, employed by Defendants, in a position for which he was paid hourly and which was not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA").

5.      Plaintiff and others similarly situated employees were employed by the Corporate Defendant and worked various per week, but were not compensated properly for the hours they worked and the overtime hours worked.

## PARTIES

6.      Plaintiff, Wladyslaw Wylaz is a citizen of New York with an address of 150 Norman Avenue, Apartment 2L, Brooklyn, NY 11222. He was employed by LAQUILA EQUIPMENT from on or about 1996. Plaintiff was employed as a welder and metal worker.

7.      During the course of his employment, Mr. Wylaz served as a full-time employee in for Defendants as a welder and a metal worker.

8.      Defendant, LAQUILA EQUIPMENT, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 1590 Troy Avenue, Brooklyn, New York 11234.

9. Defendant, LAQUILA GROUP, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York having its principal place of business at 1590 Troy Avenue, Brooklyn, New York 11234.

10. Defendant Dino Tomasetti, Jr. is an individual with a business address of 1590 Troy Avenue, Brooklyn, New York 11234. Mr. Thomasetti is the chief executive officer and manager of Corporate Defendants.

11. Dino Tomasetti, Jr. is the owner, shareholder, officer, director, and/or Manager of LAQUILA GROUP and LAQUILA EQUIPMENT, and as ones of the ten largest shareholders is individually responsible for unpaid wages under New York Business Corporation Law and otherwise.

12. "Joe" Doe is an individual, whose last name is presently unknown to Plaintiff, with a business address of 1590 Troy Avenue, Brooklyn, New York 11234. "Joe" Doe is an officer, manager or director of the Corporate Defendant, responsible for supervising Plaintiff and others similarly situated and hiring and firing employees, and is individually responsible for unpaid wages under Federal and New York Law and otherwise.

13. "Irena" Doe is the mother of "Joe" Doe, and is an individual, whose last name is presently unknown to Plaintiff, with a business address of 1590 Troy Avenue, Brooklyn, New York 11234. "Irena" Doe is an officer, manager or director of the Corporate Defendant, responsible for supervising Plaintiff and others similarly situated and hiring and firing employees, and is individually responsible for unpaid wages under Federal and New Jersey Law and otherwise. "Irena" Doe is duly employed in the office of the Defendants.

14. John Does 1-10 and Jane Does 1-10 are yet unknown individual defendants, supervisors, managers and agents, to be added as Defendants in the future.

15.     Individual Defendants were charged with payment of wages to Plaintiffs.

## JURISDICTION AND VENUE

16.     The Court has personal jurisdiction over Corporate Defendants in that Corporate Defendants are incorporated in the State of New York and are authorized to do business in the State of New York and regularly conduct business in New York.

17.     The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York and regularly transact a substantial amount of business and has substantial contacts in New York.

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

19.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

20.     The Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiffs' claims occurred in this district, and defendants are residents of the district.

## JURY DEMAND

21.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

22.     Defendants LAQUILA EQUIPMENT and LAQUILA GROUP, at all relevant times herein, were and are construction equipment companies located in Brooklyn, New York.

23.     Defendants LAQUILA EQUIPMENT and LAQUILA GROUP are an employer subject to the FLSA, as Corporate Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate

commerce, in that Corporate Defendants employ workers who handle goods and materials that were produced or manufactured outside of New York and have moved in interstate and/or international commerce, including, construction products and tools, machinery and company cars. Corporate Defendants are in the business of heavy construction, utilizing heavy equipment purchased and used in interstate commerce.

24.     Upon information and belief, Defendants employ over 50 employees.  At various times of Plaintiff's employment, Defendants employed over 300 employees.

25.     On or about 1996, Plaintiff was hired by LAQUILA EQUIPMENT.

26.     Plaintiff continues to work for the Defendants.

27.     As of 2012, Plaintiff was paid $24.00 per hour. On or about March 13, 2013, his pay increased to $26.00 per hour.  Plaintiff's pay remains at $26.00.

28.     Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

29.     Despite regularly working in excess of 40 hours per week, Plaintiff (and others similarly situated) were never paid the proper overtime rate of one-and-half times his regular hourly rate for their hours in excess of 40 per week.

30.     On average, Plaintiff worked in excess of 40 hours per week.

31.     On average, Plaintiff has worked between 50 to 60 hours per week.

32.     Despite the number of hours worked, Plaintiff and others similarly situated were sometimes paid at straight time rate, but never at an overtime rate.

33.     Essentially, Plaintiffs were paid less than the overtime rate of pay, and less than the agreed upon straight hourly rate.

34. Upon information and belief, other similarly situated employees were, too, underpaid and were paid no time and a half for overtime.

35. This failure to pay was motivated to underpay Plaintiff and others similarly situated.

36. Defendants' failure to pay Plaintiffs was pursuant to a policy by which they similarly failed to pay overtime and regular wages to other employees similarly situated to Plaintiff, who also regularly worked in excess of 40 hours per week and who did not receive wages for all hours worked.

37. During Plaintiffs' employment with Corporate Defendants, the Plaintiff was one of approximately 50 plus employees over time who regularly worked in excess of 40 hours per week, but were not paid overtime and/or did not receive their wages for all hours worked.

38. It was Mr. Tomassetti who supervised the Plaintiffs and other similarly situated, and paid Plaintiff.

39. Defendants failed to display legally required job site notices concerning state and labor laws.

40. Defendants failed provide their employees, in writing in English and in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

41. Defendants failed to track each and every employee's hours worked.

42. Defendants failed to track each employee's hours worked for any given day of a week during which the employee was employed.

43. Plaintiff lived under a constant fear of termination should he speak up to defendants concerning non-payment of lawful prevailing and overtime wages. When Plaintiff raised the issue with management (Irena, Tomassetti), he was ignored.

**Defendants' Conduct was and is Willful and Ongoing**

44. Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

45. Defendants were aware of their statutory requirements, including the requirement to pay Plaintiffs and others similarly situated at the overtime premium rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

46. Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the regular and overtime wages to which they were entitled, and to make, keep, and preserve proper payroll records.

47. As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

48. At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

49. Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating to the Defendants as Employer**

50. At all relevant times herein, LAQUILA EQUIPMENT was and is controlled by Mr. Tomassetti.

51. At all relevant times herein, LAQUILA GROUP was and is controlled by Mr. Tomassetti.

52. At all relevant times herein, LAQUILA GROUP and LAQUILA EQUIPMENT jointly operated the same business.

53.     At all relevant times herein, Mr. Tomassetti conducted business as LAQUILA GROUP and LAQUILA EQUIPMENT.

54.     At all relevant times herein, Mr. Tomassetti acted for and on behalf of Corporate Defendants, with the power and authority vested in him as owner, office and agent of both LAQUILA GROUP and LAQUILA EQUIPMENT, and acted in the course and scope of his duty and function as agent and officer of LAQUILA GROUP and LAQUILA EQUIPMENT.

55.     At all relevant times herein, Mr. Tomassetti directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks for Plaintiff—or directing payroll through other agents—and others similarly situated.

56.     Mr. Tomassetti had control over the conditions of employment of Plaintiffs and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payments of their wages, and the maintenance of their employment records.

57.     At all relevant times herein, Mr. Tomassetti had operational control over LAQUILA GROUP and LAQUILA EQUIPMENT.

58.     As a matter of economic reality, all Defendants are joint employers of Plaintiff and others similarly situated; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating to the Piercing the Corporate Veil of LAQUILA GROUP**

59.     Upon information and belief, LAQUILA GROUP is wholly owned by Mr. Tomassetti.

60.     Upon information and belief, in conducting the affairs of LAQUILA GROUP, Mr. Tomassetti failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

61. Upon information and belief, Mr. Tomassetti used the assets of LAQUILA GROUP as his own, and otherwise commingled personal assets with the assets of LAQUILA GROUP.

62. As alleged herein, Mr. Tomassetti used LAQUILA GROUP in order to circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

63. Upon information and belief, LAQUILA GROUP was used to commit fraud against Plaintiffs and others similarly situated.

64. LAQUILA GROUP is the alter-ego of Mr. Tomassetti; and, as will be established at trial, for the purpose of the claims made by Plaintiffs and others similarly situated herein, LAQUILA GROUP has no separate legal existence from Mr. Tomassetti. As such, LAQUILA GROUP and Mr. Tomassetti, individually and collectively, and jointly and severally, are liable for all claims made herein.

**Facts Relating to the Piercing the Corporate Veil of LAQUILA EQUIPMENT**

65. Upon information and belief, LAQUILA EQUIPMENT is wholly owned by Mr. Tomassetti.

66. Upon information and belief, in conducting the affairs of LAQUILA EQUIPMENT, Mr. Tomassetti failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

67. Upon information and belief, Mr. Tomassetti used the assets of LAQUILA EQUIPMENT as his own, and otherwise commingled personal assets with the assets of LAQUILA EQUIPMENT.

68. As alleged herein, Mr. Tomassetti used LAQUILA EQUIPMENT in order to circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

69.     Upon information and belief, LAQUILA EQUIPMENT was used to commit fraud against Plaintiffs and others similarly situated.

70.     LAQUILA EQUIPMENT is the alter-ego of Mr. Tomassetti; and, as will be established at trial, for the purpose of the claims made by Plaintiffs and others similarly situated herein, LAQUILA EQUIPMENT has no separate legal existence from Mr. Tomassetti. As such, LAQUILA EQUIPMENT and Mr. Tomassetti, individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings this action on behalf of himself and all others current and former employees of Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

72.     Upon information and belief, this class of persons consists of not less than fifty (50) persons.

73.     There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

74.     Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiffs and others proper overtime wages and regular wages under the FLSA and NYLL.

75.     Plaintiffs bring the FLSA and NYLL claims for relief herein individually and all others similarly situated as collective action pursuant to the FLSA and NYLL and common law, in respect to all claims that Plaintiff, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

76.     Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

77.     Upon information and belief, this class of persons consist of not less than fifty (50) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

78.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL and New York common law. Only the amount of individual damages sustained by each class member will vary.

79.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

80.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23 (b)(3).

82.     Plaintiff brings the first, second, and third claims for relief herein on behalf of himself individually and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, in respect to all claims that Plaintiff, and all others similarly situated, have against the Defendants as a result of Defendants' violation of the FLSA, NYLL and New York Common Law.

### First Claim for Relief
### Breach of Contract

83.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

84.     Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for hourly wages.

85.     Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of his employment agreement with Defendants, and was therefore entitled to the wages he earned while working for Defendants.

86.     Defendants failed or refused to pay Plaintiff and others similarly situated all of their wages to which he was entitled under his employment agreement.

87.     Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which he was entitled under his employment agreement constituted a breach of such employment agreement.

88.     By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount he should have been paid as contemplated by his employment agreement, less amounts he actually was paid, together with interests, costs, disbursements, and attorneys' fees.

### Second Claim for Relief – Unpaid Wages and Overtime
### New York Minimum Wage Act NYLL § 650 et Seq.

89.     Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

90.     At all times relevant to this action, Plaintiff, and all others similarly situated, were employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

91.     Pursuant to the NYLL, Plaintiff, and all others similarly situated, were entitled to certain overtime wages, which Defendants intentionally failed to pay in violation of such laws.

92.     Plaintiff, and all others similarly situated, regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtimes wages to which he was entitled.

93.     Defendants failed to appraise Plaintiff, and all others similarly situated, of their rights under New York Labor Law.

94.     Defendants failed to furnish Plaintiff, and all others similarly situated, with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

95.     Defendants failed to keep true and accurate records of hours worked by each employee, including Plaintiff, and all others similarly situated, covered by a proper hourly wage rate.

96.     Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

97.     Pursuant to these labor law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid wages and sums illegally deducted from his wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

98.     Plaintiff, and all others similarly situated, is also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

99.     At all times relevant to this action, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, overtime wage at rates of at least 1.5 times their regular rate of pay for each and all hours he worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulation. NYLL §§ 650 et seq.; 12 NYCRR § 142-2.2.

100.     Due to Defendants' New York Labor Law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants, his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

101.     Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

**Third Claim for Relief – Unpaid Wages and Overtime**
**Fair Labor Standards Act – 29 U.S.C. 201 et Seq.**

102.     Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

103.     Plaintiff, and all others similarly situated, was, for all times relevant to this Complaint, employed by Defendants, a position for which he was paid hourly and that is not exempt from the overtime provisions of FLSA.

104.     At all times relevant herein, Defendants were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207 (a).

105.	At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated overtime wages at rates of at least 1.5 times their regular rate of pay for each and all hours they worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207, 216(b).

106.	At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, minimum wages.

107.	Plaintiff and all others similarly situated were paid hourly and not exempt from the right to receive overtime pay or minimum wages under the FLSA.

108.	At all times relevant to this Complaint, Defendants had a policy of willfully failing to make overtime payments for hours worked in excess of forty (40) hours per week.

109.	As a result of Defendants' failure to compensate Plaintiff, and all others similarly situated, at a rate not less than 1½ time the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

110.	Defendants failed to make, keep and preserve records with respect to Plaintiff and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

111.	Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

112.	As result of the Defendants' failure to properly credit, record, report and/ or compensate Plaintiff, and all others similarly situated, Defendants have failed to make, keep and preserve records with respect to each of its employee, including Plaintiff, and all others similarly

situated, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

113.    Defendants have failed to properly disclose or appraise Plaintiff, and all others similarly situated, of his rights under the FLSA.

114.    As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff, and all others similarly situated, is entitled to liquidated damages pursuant to the FLSA.

115.    Plaintiff, and all others similarly situated, is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

116.    Plaintiff, and all others similarly situated, seeks a judgment for unpaid overtime wages, regular wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

117.    Due to Defendants' FLSA violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

118.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Fourth Claim for Relief
### Quantum Meruit

119.    Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

120.    Plaintiff, and all others similarly situated, performed work and services for Defendants.

121.    Plaintiff, and all others similarly situated, had a reasonable expectation of payment for the hours he worked for the Defendants.

122.    Defendants failed to remunerate Plaintiff, and all others similarly situated, for all the hours he worked.

123.    Defendants failed to pay Plaintiff, and all others similarly situated, an overtime rate of pay for all the hours he worked.

124.    Plaintiff, and all others similarly situated, is entitled to be paid for a reasonable value for his services, less the amounts paid to him, together with an award of interest, costs, disbursements and attorneys' fees.

125.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

## Fifth Claim for Relief
## Fraud

126.    Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

127.    At the times alleged herein, Defendants made fraudulent representations of fact to Plaintiff, and all others similarly situated.

128.    The misrepresentations included, but were not limited to, Defendants telling Plaintiff, and all others similarly situated, that he would be paid all wages due, including overtime wages.

129.    The misrepresentations include Defendants telling Plaintiff he would be paid overtime wages for hours worked above and beyond the initial 40 hours worked in a given week and that he would be paid prevailing wages.

130.     Defendants' misrepresentation of the intent to perform was a knowing misrepresentation of a material fact.

131.     Plaintiff relied on the Defendants' misrepresentation to his detriment.

132.     Upon the misrepresentation, Plaintiff, and all others similarly situated, continued working for Defendants.

133.     Defendants committed fraud against Plaintiff, and all others similarly situated, by failing to pay him all wages due.

134.     Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

**Sixth Claim for Relief**
**Declaratory Judgment**

135.     Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

136.     Plaintiff demands a declaratory judgment that the practices complained of herein are unlawful under under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(1)     As to the First Claim for Relief, award Plaintiff damages arising out of the breach of contract.

(2)     As to the Second Claim for relief, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulation thereunder including 12 NYCRR § 142-2.2, together

with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3)    As to the Second Claim for Relief, award Plaintiff any and all outstanding (additional) wages, including overtime wages plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4)    As to the Second Claim for Relief, award Plaintiff damages arising out of violation of NYLL;

(5)    As to the Third Claim for Relief, award Plaintiff his unpaid wages and overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6)    As to the Fourth Claim for Relief, award Plaintiff the quantum meruit value of his labor.

(7)    As to the Fifth Claim for Relief, award Plaintiff damages arising out of Defendants' fraud;

(8)    As to the Sixth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.;

(9)    Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE

clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(10) If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(11) Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(12) Award postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law And Rules § 5003;

(13) Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(14) Award Plaintiff all other relief requested in this Complaint;

(15) Award Plaintiff other, further and different relies as the Court deems just and proper; and

(16) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 5, 2018
     Brooklyn, New York

Respectfully submitted,

**MARZEC LAW FIRM, PC**

By:    */s/ Darius A. Marzec*
Darius A. Marzec, Esq.
Attorney for Plaintiffs
*Wladyslaw Wylaz*
*AND COLLECTIVELY FOR ALL*
*OTHER FORMER AND CURRENT*
*EMPLOYEES*
776A Manhattan Avenue, Suite 104
Brooklyn, NY 11222
(718) 609-0303
dmarzec@marzeclaw.com