# Marzec Law Firm, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

BROOKLYN OFFICE
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

Via ECF

July 18, 2019

Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   Wladyslaw Wylaz vs Laquila Group Equipment Corp., et al
      Docket No.: 18-cv-05886

Dear Honorable Magistrate Levy:

We represent Plaintiff in the above-referenced matter ("Action"). We write on behalf of Plaintiff and Defendants to request the Court approve the Settlement Agreement reached by these parties in the Action. A copy of the fully executed Settlement Agreement is attached. Final approval of the settlement will bring this Action to a close.

The parties request Court approval of their settlement because the claims in this Action include claims under the Fair Labor Standards Act ("FLSA"), which requires Court approval of the settlement of FLSA claims. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). When reviewing an FLSA settlement that does not involve a certified class, as is the case here, the Court typically examines the following factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation." Abrar v. 7-Eleven, Inc., 2016 WL 1465360 *2 (EDNY 2016) (citations omitted). Courts will also consider whether the settlement is the result of an arm's length negotiation conducted in good faith by counsel with significant experience litigating wage and hour claims. See Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 662081 *1-2 (EDNY 2014).

The Claims Asserted In The Complaint By Plaintiff

Plaintiff previously worked as a welder and metal worker for Defendant Laquila Group Equipment Corp. ("Laquila") as a full-time employee. In or about October 2018, Plaintiff commenced this Action against Laquila, its holding company The Laquila Group, Inc., and an owner, Dino Tomassetti, Jr. The Complaint contains six (6) causes of action: (1) breach of contract, (2) violation of New York Labor Law § 650, et seq., (3) violation of the FLSA, (4) quantum meruit, (5) fraud, and (6) declaratory judgment that the practices complained of are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq. All six (6) claims are based on Plaintiff's allegations that he was not paid his earned wages and overtime while employed by Laquila, and that he feared retaliation and termination of his employment should he speak up to Defendants

concerning non-payment of lawful prevailing and overtime wages. Defendants filed an Answer denying the allegations asserted in the Complaint and denied they owed Plaintiff wages or overtime compensation.

The Proposed Settlement

The proposed settlement involves only the individual claims asserted by Plaintiff in the Action. Neither class nor collective claims will be settled.

The proposed Settlement Agreement requires Defendants to pay Plaintiff $38,750.00 ("Settlement Amount"), inclusive of attorneys' fees and costs, in full satisfaction of all claims Plaintiff has or may have against the Defendants. The Settlement Amount will be paid as follows: (1) one check payable to Plaintiff in the amount of $12,780.83 less lawful deductions, as payment for alleged unpaid overtime wages, which will be reported on IRS Form W2; (2) one check payable to Plaintiff in the amount of $12,780.83, apportioned as payment for liquidated damages, for which an IRS form 1099 will be issued and for which Plaintiff will complete an IRS Form W-9; and (3) one check payable to Plaintiff's attorneys in the amount of $13,188.34, apportioned as payment for attorneys' fees and costs, for which the appropriate IRS form 1099 will be issued. Attorneys for the parties will execute a Stipulation and Order of Dismissal with Prejudice which is attached as Exhibit A to the Settlement Agreement.

The parties, through their respective attorneys, have engaged in extensive settlement discussions and have exchanged information and documents regarding Plaintiff's claims. The proposed settlement was negotiated at arm's length by counsel experienced in litigating, and settling, wage and hour claims, with the assistance of the appointed mediator, the Honorable Joseph Kevin McKay. A variety of factors were discussed and considered during the settlement negotiations, including the factual basis of the allegations that Plaintiff was not paid earned wages and overtime, the weekly and daily hours that Plaintiff claims he worked, the availability of evidence confirming or refuting Plaintiff's claims of hours worked, the availability of documentation confirming payment of overtime compensation, and Plaintiff's work history at Laquila, including his hourly and overtime pay rates during the period covered by the applicable statute of limitations. Litigation costs were also considered.

After much negotiation at the mediation, a settlement was reached with substantial aide from the mediator, that is believed to represent a fair resolution of Plaintiff's claims. In fact, the settlement was reached through a "mediator's proposal." Several various settlement agreement copies were circulated, and many changes made. The parties are satisfied with the text and substance of the proposed settlement. The parties, and their attorneys, believe the settlement represents a reasonable and appropriate compromise of the claims asserted by Plaintiff in his Complaint and a hearing should be scheduled on the proposed settlement, or as the Court deems appropriate.

Attorneys' Fees And Costs

It is submitted that the proposed settlement and the attorneys' fees charged, and costs incurred, thereof by the Plaintiff are reasonable under the circumstances.

In the Second Circuit, the reasonable hourly rate for an attorney shall be based on the customary fee charged for similar services by lawyers in the community with like experience and of other comparable reputation to those by whom the prevailing party was represented. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 184 (2d Cir.

2008); Cohen v. W. Haven Bd. of Police Comm'rs, 638 F.2d 496, 506 (2d Cir. 1980) ("The fees that would be charged for similar work by attorneys of like skill in the area [is] the starting point for determination of a reasonable fee award."). An award of attorneys' fees is within the discretion of the Court. Such award, however, must be evidenced by a showing of the hours expended and the prevailing hourly rate "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotations omitted).

Attached are the hour entries for the undersigned, associates and a paralegal working on the matter, along with costs incurred and paid. Attorneys' fees expended are $32,835, consisted of 78.70 hours of attorney time, and costs incurred of $815.00. A reasonable hourly fee for the attorney with the undersigned's experience is $450.00 per hour, $350.00 per hour for associates, and $200.00 per hour for Sylvia Komada-Adamek, paralegal. The undersigned was first admitted to the bar in 2006, and is admitted to 10 legal jurisdictions of the United States (New York, New Jersey, District of Columbia, Illinois, Pennsylvania, Florida, California, Massachusetts, Connecticut, and Hawaii), as well as to the United States District Court for the Eastern District of New York, the Southern District of New York, the District of New Jersey, Pennsylvania Middle and Eastern Districts. The undersigned is also admitted to practice law before the Second Circuit and all bankruptcy courts in the above districts. The undersigned has handled more than 300 matters in federal courts, including bankruptcy courts, in addition to state court litigation and out of court settlements. Various other associate attorneys worked on this matter, all of whom possessed years of experience practicing law in this District, Circuit and State. Sylvia Komada-Adamek has over 10 years of paralegal experience, including nine (9) years at the undersigned's firm. The undersigned has agreed to accept $13,188.34 as attorneys' fees and costs in this Action despite the higher actual billings.

Accordingly, the parties respectfully request that the Court approve the proposed settlement and Settlement Agreement, including approval of the payment of attorneys' fees and costs therein. The second page of Exhibit A contains the Order approving the settlement.

Respectfully Submitted,

/s/ *Darius A. Marzec*

Darius A. Marzec

DM:jn

CC:      Michael A. Jakowsky
          Jackson Lewis, P.C.
          666 Third Avenue, 29th Floor
          New York, NY 10017

          Via ECF

Enclosures:    Settlement Agreement