UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WLADYSLAW WYLAZ, individually and on behalf of others similarly situated who were employed by THE LAQUILA GROUP EQUIPMENT CORP., and/or any other entities Affiliated with or controlled by THE LAQUILA GROUP EQUIPMENT CORP.,

Plaintiffs,

- against -

THE LAQUILA GROUP EQUIPMENT CORP., THE LAQUILA GROUP, INC., DINO TOMASSETTI, JR, "JOE" DOE, "IRENA" DOE, JOHN DOES 1-10, and JANE DOES 1-10.,

Defendants.

Civ. No.: 1:18-cv-05886-MKB-RML

---

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, Plaintiff Wladyslaw Wylaz (hereinafter "Plaintiff") and The Laquila Group Equipment Corp., The Laquila Group, Inc., and Dino Tomassetti, Jr., (hereinafter collectively referred to as "Defendants") desire to resolve the above-captioned matter without further litigation or adjudication and the costs and expenses attendant thereto; and

WHEREAS, Plaintiff and Defendants (together "the Parties") understand and agree that Defendants deny each and every allegation of wrongdoing asserted against them in the above-captioned action, including but not limited to, all such allegations contained in Plaintiff's Complaint and in any other papers prepared, filed, served, mailed, or telefaxed, electronically or otherwise, by Plaintiff or on his behalf in this action; and

WHEREAS, a bona fide dispute exists as to Plaintiff's claim for alleged unpaid overtime wages; and

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement"), nor the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A, nor anything contained in these documents, shall in any way be construed or considered to be an admission by Defendants or their parent corporations, subsidiaries, divisions, affiliates and insurers, and the current and former employees, officers, directors, trustees, administrators, executors, agents, legal representatives, employee benefit plans, fiduciaries, shareholders, predecessors, successors and assigns of each, both individually and in their official capacities ("Released Parties") of guilt, wrongdoing, liability or culpability, or noncompliance with any federal, state, city, local, or other statute, constitution, administrative code, public policy, wage-hour law, wage-payment law, tort law, contract, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

WHEREAS, Plaintiff desires freely and voluntarily to enter into this Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A, in exchange for the promises contained herein; and

WHEREAS, the terms and implications of this Agreement, and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A have been explained to the Parties by their respective legal counsel; and

WHEREAS, the Court has made no findings as to the merits of this action;

*NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:*

1. In exchange for the promises made by Defendants in Paragraph "2" below and in the other provisions of this Agreement:

(a) Plaintiff authorizes his counsel to execute and deliver to Defendants this Negotiated Settlement Agreement, and he authorizes his attorneys to execute the Stipulation and Order of Dismissal with Prejudice attached hereto as **Exhibit A**;

(b) Plaintiff shall withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or legal proceedings he has instituted against the Released Parties, including but not limited to the above-captioned matter against Defendants pending in U.S. District Court for the Eastern District of New York, 1:18-cv-05886-MKB-RML (hereinafter "the Lawsuit"). Plaintiff authorizes his counsel to execute the Stipulation and Order of Dismissal with Prejudice attached hereto as **Exhibit A**. Plaintiff affirms that he has not instituted any complaint, suit, action, charge, or other legal proceeding against any of the Released Parties that currently is pending other than the Lawsuit and is not aware of any such claim that could be asserted against Defendants related to his employment with Defendant Laquila Group. If for any reason any other complaint, suit, action, charge, claim, or other legal proceeding Plaintiff has instituted against any of the Released Parties is not wholly and finally dismissed with prejudice, Plaintiff shall not voluntarily testify, provide documents or otherwise participate, or permit others to participate on his behalf, in any such litigation, investigation or other proceeding arising therefrom, or associated therewith, and shall not obtain or accept any recovery or relief therefrom;

2. In exchange for the promises made by Plaintiff contained in Paragraph "1" above, and in any other provisions of this Agreement, Defendants agree as follows:

(a) Defendant Laquila Group will pay to Plaintiff through his counsel, the total settlement sum of Thirty Eight Thousand Seven Hundred Fifty Dollars and <u>No</u> Cents ($38,750)

3

("the Settlement Amount") in consideration for and in full satisfaction of all claims Plaintiff has or may have against any of the Released Parties, whether known or unknown, asserted or unasserted. The Settlement Amount will be sent to Plaintiff's counsel within fourteen (14) calendar days after the Court "So Orders" dismissal of Plaintiff's FLSA claims. The Settlement Amount will be paid as follows:

    i. One check payable to "Wladyslaw Wylaz" in the amount of Twelve Thousand Seven Hundred Eighty Dollars and 83 Cents ($12,780.83) less lawful deductions, as payment for alleged unpaid overtime wages, which will be reported on IRS Form W2; and

    j. One check made payable to "Wladyslaw Wylaz" in the amount of Twelve Thousand Seven Hundred Eighty and 83 Cents ($12,780.83), apportioned as payment for liquidated damages, for which an IRS form 1099 will be issued. Wylaz will be required to complete a W-9 form as a condition of receiving payment under this Agreement; and

    k. One check made payable to "Marzec Law Firm P.C." in the amount of Thirteen Thousand One Hundred Eighty Eight Dollars and 34 Cents ($13,188.34), apportioned as payment for attorneys' fees and costs, for which the appropriate IRS form 1099 will be issued. Wylaz's attorneys will complete and return to The Company prior to payment a W-9 form.

    3. Plaintiff understands and agrees that Defendants have asserted defenses to the claims alleged in the Lawsuit. Plaintiff hereby agrees and acknowledges that this Negotiated Settlement Agreement is a "no fault" settlement in light of disputed claims, and that nothing contained herein (or in the attachments to this document) shall constitute or be treated as an admission of any liability or wrongdoing by the Released Parties. Plaintiff further understands and agrees that he would not be entitled to receive the monies specified in Paragraph "2" above, except

for his execution of this Agreement, and his authorization to have his attorney execute the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A.

4. Plaintiff's Complaint shall be dismissed against Defendants, in its entirety and with prejudice to Plaintiff, upon the Parties' counsels' execution of the Stipulation and Order of Dismissal with Prejudice and the Court having "So Ordered" the same. Upon receipt of the fully-executed Negotiated Settlement Agreement, the Stipulation and Order of Dismissal with Prejudice in the form attached hereto as Exhibit A, Plaintiff or his agents shall file this Negotiated Settlement Agreement on the Court's docket with a cover letter jointly requesting that the Court approve the Stipulation and Order of Dismissal with Prejudice.

5. The Parties shall bear their own attorneys' fees, costs, and disbursements and there shall be no application to any Court by any Party or by any attorney representing any Party for attorneys' fees, costs and/or disbursements.

6. This Agreement shall be governed and conformed in accordance with the laws of the State of New York, without regard to the State's conflict of laws provisions or any federal common law conflict of laws principles. The Parties expressly consent that any action or proceeding relating to the enforcement of this Agreement will only be brought in a court located in the State of New York, and that any such action or proceeding will be heard without a jury or an advisory jury. The Parties expressly waive their right to bring any such action or proceeding in any other jurisdiction, or to have any such action or proceeding heard before a jury or an advisory jury.

7. Should any provision of this Negotiated Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be

modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. The Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

9. Plaintiff agrees to be responsible for taxes for which he may be personally liable, if any, associated with payments made hereunder.

10. This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature regarding the allegations contained in Plaintiff's Complaint. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

11. Each of the Parties has participated in negotiating and drafting this Agreement, and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A after consulting with legal counsel. Accordingly, no Party shall maintain that the language of this Agreement, and/or Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A should be construed in any way by reason of the other Party's putative role as the drafter of any of these documents. For example, no ambiguity in any of these documents, if any, shall be construed against any Party based upon any claim that any Party drafted the ambiguous language.

12. The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own

counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

13. As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

14. The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Negotiated Settlement Agreement, especially impose any additional costs, expenses, or obligations on any party.

15. This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

16. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by fax or pdf attachments to emails.

17. Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

18. Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

*PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST ANY OF THE RELEASED PARTIES.*

IN WITNESS WHEREOF, the undersigned Parties hereto knowingly and voluntarily execute this Negotiated Settlement Agreement as of the dates set forth below:

FOR PLAINTIFF:

_____    _____6.28.19._____
Wladyslaw Wylaz                                   Date

FOR DEFENDANTS:

_____    _____7/10/19_____
                                                                Date

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WLADYSLAW WYLAZ, individually and on behalf of others similarly situated who were employed by THE LAQUILA GROUP EQUIPMENT CORP., and/or any other entities Affiliated with or controlled by THE LAQUILA GROUP EQUIPMENT CORP.,

Plaintiffs,

- against -

THE LAQUILA GROUP EQUIPMENT CORP., THE LAQUILA GROUP, INC., DINO TOMASSETTI, JR, "JOE" DOE, "IRENA" DOE, JOHN DOES 1-10, and JANE DOES 1-10.,

Defendants.

Civ. No.: 1:18-cv-05886-MKB-RML

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Wladyslaw Wylaz ("Plaintiff") and The Laquila Group Equipment Corp., The Laquila Group, Inc., and Dino Tomassetti, Jr. (collectively "Defendants"), through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that Plaintiff's Complaint shall be dismissed with prejudice.

Dated: 6/7/2019

By: _____
Darius A. Marzec, Esq.
776A Manhattan Avenue, Suite 104
Brooklyn, New York 11222
*Attorneys for Plaintiff*

Dated: 7/17, 2019

By: _____
Michael A. Jakowsky, Esq.
Jackson Lewis, P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
*Attorneys for Defendants*

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this _____ day of _____, 2019

_____
Hon. Robert M. Levy
United States Magistrate Judge

4815-3870-9147, v. 1

11